RICHARD G. ALLEN,      )
      )
      Plaintiff,      )
      )
vs.      )
      )      **Case No. 3:17-cv-01004-GCS**
CORTNEY MEYER,      )
      )
      Defendant.      )
      )
      )
      )

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

On September 9, 2017, Plaintiff Richard Allen filed his compliant against various defendants from the Illinois Department of Corrections ("IDOC") and Wexford Health Sources, Inc. ("Wexford"). (Doc. 1). In his complaint, pursuant to 42 U.S.C. § 1983, Plaintiff alleged that he was attacked by another inmate while incarcerated at Menard Correctional Center and that the defendants failed to protect him from and treat him after the attack. After merit review of Plaintiff's complaint under 28 U.S.C. § 1915A, four counts proceeded against both sets of defendants: (i) Count I, alleging that Defendants Hanks, Coffee, Meyer, Bebout, and Butler[1] failed to protect Plaintiff in violation of the Eighth Amendment; (ii) Count II, claiming that Defendants Mercer, Braking, Narup, James, Child and Berner failed to intervene in the attack in violation of the Eighth Amendment;

---

[1]      Plaintiff also alleged that John Doe officers were involved in the events underlying the complaint. (Doc. 7, p. 7). However, the Court dismissed the John Doe officers on May 6, 2020, with Plaintiff's consent. (Doc. 134).

(iii) Count III, alleging that Defendants McGlorn and Schaefer were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment; and (iv) Count IV, stating that Defendants Brooks and Jackson violated Plaintiff's Fourteenth Amendment procedural due process rights. (Doc. 7, p. 7).

Defendants Coffee, Meyer, and McGlorn (the "Wexford Defendants") filed a motion for summary judgment on August 1, 2019. (Doc. 106). Defendants Bebout, Berner, Brookman, Butler, Childs, Hanks, Jackson, James, Mercer, and Narup (the "IDOC Defendants") also filed a motion for summary judgment on September 3, 2019. (Doc. 112). The Court granted in part and denied in part the Wexford Defendants' motion. (Doc. 139). Because Plaintiff failed to respond to the IDOC Defendants' motion, the Court also granted summary judgment in favor of the IDOC Defendants. *Id*. After summary judgment, Defendants Coffey and McGlorn were dismissed from the case. *Id*. at p. 17. All of the IDOC Defendants were dismissed as well. *Id*. Now before the Court is Plaintiff's motion for reconsideration of the order granting summary judgment in favor of the IDOC Defendants, excluding Defendants Butler, Brookman, and Jackson, and for leave to file his opposition to the motion for summary judgment *instanter.* For the reasons delineated below, the motion for reconsideration is **GRANTED**.

## FACTUAL BACKGROUND

The Court first appointed Mr. Gregory Cerulo of Quinn Johnston-Peoria as counsel for Plaintiff on March 28, 2018. (Doc. 62). In doing so, the Court noted that the case was qualitatively different from typical prison litigation and exceeded Plaintiff's

ability to present the case to a judge or jury on his own. *Id*. at p. 2. However, shortly after being appointed, Mr. Cerulo began demonstrating a pattern of neglect in his representation of Plaintiff. For instance, in a December 11, 2018 report and recommendation regarding Defendant Meyer's motion for summary judgment on the issue of exhaustion of remedies, Magistrate Judge Stephen C. Williams noted that Plaintiff failed to file a response to the motion. (Doc. 81, p. 2).

Plaintiff highlighted further instances of neglect from Mr. Cerulo in a letter to the Court on February 4, 2019. (Doc. 84). According to Plaintiff, Mr. Cerulo promised to visit Plaintiff in June, 2019, but did not do so. *Id*. at p. 2. Mr. Cerulo further failed to provide Plaintiff with video footage of the underlying incident, contra a Court order mandating that Plaintiff be allowed to watch the tape. *Id*. (citing Doc. 60). Finally, because Plaintiff struggled to receive return calls from Mr. Cerulo, he was unable to provide him with affidavits from individuals who observed the incident and with medical records pertinent to the case. *Id*. at p. 3. Plaintiff requested the Court's help in reminding Mr. Cerulo of his duties to Plaintiff as pro-bono counsel. *Id*.

The Court reprimanded Mr. Cerulo and reminded him of his obligations to Plaintiff during a status conference on March 6, 2019. (Doc. 90). However, Mr. Cerulo continued to neglect Plaintiff's case. When the Wexford Defendants and IDOC Defendants filed a motion for summary judgment on August 1, 2019 and September 3, 2019, respectively, Mr. Cerulo failed to file a timely response on Plaintiff's behalf. (Doc. 106, 112). The Court granted Plaintiff an additional twenty-one days to file a response to both motions during a November 18, 2019 status conference. (Doc. 117). However,

through Mr. Cerulo, Plaintiff filed a response only to the Wexford Defendants' motion. (Doc. 120). Plaintiff did not respond to the IDOC Defendants' motion for summary judgment, and the Court granted summary judgment in their favor based on Plaintiff's constructive admissions. (Doc. 139).

Mr. Cerulo continued to miss essential deadlines in Plaintiff's case. On March 27, 2020, the Court issued a show cause order noting that Plaintiff failed to identify the John Doe officers named in his complaint, and the deadline to do so had passed. (Doc. 129). The Court required Plaintiff to show cause within fourteen days of the order. *Id*. However, Plaintiff did not respond to the order until May 5, 2020. (Doc. 133). Plaintiff did not offer an explanation for his untimely response but did consent to the dismissal of the John Doe officers. *Id*. Mr. Cerulo moved to withdraw as attorney for Plaintiff on May 15, 2020, though other attorneys from Quinn Johnston-Peoria remained involved in Plaintiff's case.

Plaintiff filed another letter to the Court on February 9, 2021, stating that the firm continued to neglect his case. (Doc. 142). Specifically, Plaintiff claimed he had not heard from an attorney at the firm for approximately one and a half years. *Id*. at p. 3. Plaintiff's remaining counsel filed a motion to withdraw due to irreconcilable differences on February 16, 2021. (Doc. 143). The Court granted this motion during a hearing on March 26, 2021. (Doc. 147).

The Court appointed Mr. Francis A. Citera for Plaintiff on April 1, 2021. (Doc. 148). In the appointing order, the Court noted that the circumstances warranting the recruitment of counsel remained present and that the case continued to exceed Plaintiff's

ability to litigate it on his own behalf. *Id.* at p. 2. The Court ordered that Plaintiff file a motion for reconsideration or relief from judgment regarding the Court's decision on the motion for summary judgment filed by the IDOC Defendants by May 26, 2021. *Id.* at p. 3. Plaintiff requested and was granted an additional extension of time to file the aforementioned motion. (Doc. 155). Plaintiff's Motion for Reconsideration was filed on June 29, 2021. (Doc. 159).

**LEGAL STANDARDS**

Courts consider motions challenging the merits of a district court order as filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend an order or judgment only if the movant demonstrates a manifest error of law or fact, or if the movant presents newly discovered evidence that was not previously available. *Willis v. Dart*, No. 16-1498, 671 Fed. Appx. 376, 377 (7th Cir. Dec. 9, 2016)(quoting *Gonzalez–Koeneke v. West.*, 791 F.3d 801, 807 (7th Cir. 2015)); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011). *See also Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-512 (7th Cir. 2007). Movants must file a Rule 59(e) motion within twenty-eight days of the order.

Relief under Rule 60(b) is also "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. Appx. at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995). *See also North. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co., Inc.*, 842 F.2d 164, 168 (7th Cir. 1988)(describing a Rule 60(b) ruling as "discretion piled upon discretion"). Rule 60(b) permits a court to relieve a party

from an order or judgment based on such grounds as mistake, surprise or excusable neglect by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion. A court may also provide relief from judgment under Rule 60(b) for "any other reason that justifies relief." FED. R. CIV. PROC. 60(b)(6). Here, Plaintiff predicates his motion for relief on Mr. Cerulo's pattern of neglect in his representation of Plaintiff. (Doc. 159, p. 3). The Court finds that this underlying reasoning is most similar to the "catchall" provision outlined in Rule 60(b)(6).

## ANALYSIS

Relief pursuant to Rule 60(b) is an "extraordinary remedy[;]" it is only to be granted under exceptional circumstances. *Harold Wash Party v. Cook County, Ill. Dem. Party*, 984 F.2d 875, 879 (7th Cir. 1993). This is particularly true for relief from judgment pursuant to Rule 60(b)(6). *See Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010)(citing *Dickerson v. Bd. Of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005) (internal citations omitted). Nevertheless, the Court may grant a motion for relief under Rule 60(b)(6) when the motion makes clear that there is a "substantial danger that" the order at issue "was fundamentally unjust." *See Dickerson*, 32 F.3d at 1117 (citing *Daniels v. Brennan*, 887 F.2d 783, 790 (7th Cir. 1989)). The decision to grant or deny relief under Rule 60(b)(6) is vested soundly in the discretion of the district court, and review of that decision is "extremely deferential." *Eskridge v. Cook*

*Cty.*, 577 F.3d 806, 809 (7th Cir. 2009)(quoting *Easley v. Kirmsee*, 382 F.3d 693, 697 (7th Cir. 2004)).

In response to Plaintiff's motion for reconsideration, the IDOC Defendants point out that attorney neglect does not warrant relief under Rule 60(b)(6). Given the significant prejudice facing defendants who believed they were released from litigation, the Court may only reopen a case for extraordinary reasons. *See C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). *See also Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008)(noting that relief under Rule 60(b) is not an opportunity for an attorney to take mulligans or rehash previous arguments). An attorney's lack of diligence is typically not extraordinary. *See Bakery Machinery & Fabrication, Inc. v. Traditional Banking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009). Attorneys act as the agent for the client's principal. *See Untied States v. 7108 West Grand Avenue*, 15 F.3d 632, 634 (7th Cir. 1994). Holding the client responsible for the attorney's neglect therefore incentivizes the client to ensure that the attorney fully complies with court orders and to fully engage in his case. *See Bakery Machinery*, 570 F.3d at 848-849.

Defendants point to *Williams v. Hatcher*, 890 F.2d 993 (7th Cir. 1989) as a case supporting this proposition. In *Williams*, the defendant, a former mayor, retained his former corporation counsel for the case against him. *Id.* at 994. However, the defendant left office and the corporation counsel transitioned to a new lawyer. *Id.* at 995. The new counsel failed to timely inform the defendant that the City decided not to appeal, and the defendant therefore filed a motion under Rule 60(b)(6) to reinstate his time to appeal. *Id.*

However, because counsel's actions demonstrated carelessness, rather than extraordinary circumstances, the Seventh Circuit upheld the district court's decision denying relief. *Id*. at 996 (internal citations omitted).The Court noted that the defendant had the capability to follow the case on his own and should have taken steps to exercise diligence on his own behalf, rather than relying on a Rule 60(b) motion. *Id*. at 995.

Though Plaintiff's motion is predicated on attorney carelessness, this case nevertheless differs from those cited by the IDOC Defendants in two essential respects. First, unlike in *Williams*, Plaintiff is not competent to litigate this case on his own behalf. The Court has repeatedly emphasized that Plaintiff lacks the skills necessary to present his case to a judge or a jury. (Doc. 62, 148). It would therefore be unjust to require Plaintiff to exercise the type of diligence the Court has already found Plaintiff incapable of exercising in order to obtain relief. Furthermore, the rationale underlying the cases cited by the IDOC Defendants is that clients should be held accountable for their attorney's carelessness. That rationale, however, holds less weight in a situation such as this where an attorney was appointed to represent Plaintiff because of his inability to litigate the case. If a plaintiff lacks the skills, knowledge, and intelligence to participate competently in the pursuit of his case, he cannot fully ensure that his agent is acting in his interests. *Cf. Bakery Machinery*, 570 F.3d at 849. Plaintiff exercised oversight over his pro bono counsel to the best of his ability by informing the Court of his counsel's failures. (Doc. 84, 142). To the extent that diligence is required in order to obtain relief under Rule 60(b), Plaintiff has met that obligation.

Second, the Seventh Circuit has repeatedly emphasized that the denial of Rule 60(b) motions predicated on an attorney's neglect typically applies to clients who *choose* their own lawyers. *See Bakery Machinery*, 570 F.3d at 849 (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633-634 (1962)) (emphasis in original). When a client voluntarily chooses an attorney as his representative, that client cannot avoid the consequences of the acts or omissions "of this freely selected agent." *Link*, 370 U.S. at 633. However, when a plaintiff cannot choose his or her own attorney, he or she must trust the Court to ensure that the representative chosen fulfills his or her obligations to the plaintiff. This is particularly pertinent where, as here, the Plaintiff lacks the ability to litigate on his own behalf. Plaintiff had no say in the counsel that would represent him. Holding him responsible for that counsel's failures in the name of representative litigation is therefore unjust.

The Seventh Circuit has recognized that motions for relief under Rule 60(b)(6) should be decided in the context of the plaintiff's ability to litigate the matter on his or her own behalf where the circumstances of the motion and the case so require. For instance, in *Davis v. Moroney*, 857 F.3d 748 (7th Cir. 2017), the district court dismissed the case of a plaintiff who had a mental illness and a grade school level reading ability for failure to meet deadlines and for failure to prosecute. *Id.* at 750. The plaintiff had repeatedly moved for appointed counsel because he lacked sufficient understanding of the case to litigate on his own behalf. *Id.* However, the district court denied the motions for counsel. *Id.* at 749. When the district court dismissed the case, the plaintiff filed a motion for reconsideration under Rule 60(b)(6), highlighting his difficulties with

litigation. *Id.* at 750. The Seventh Circuit overturned the district court's decision denying

reconsideration. *Id.* at 751. Though the defendants made strong arguments against

permitting the plaintiff to file an untimely appeal, the Seventh Circuit found that these

arguments were only "compelling for a different grievant." *Id.* In this case, however,

arguments regarding timeliness were "outweighed by the equities stemming from [the

plaintiff's] severe intellectual limitations and lack of legal assistance." *Id.* Overall, the

plaintiff' lacked a fair opportunity to prosecute his case, thus warranting reconsideration

of the motion to dismiss. *Id.* at 752. Here, Plaintiff similarly lacks the ability to prosecute

the case on his own behalf. Further, his appointed counsel failed to represent him

effectively, leaving him lacking legal assistance during critical case dispositive motions.

Denying reconsideration would therefore prevent Plaintiff from having a fair

opportunity to prosecute his case.

The Court further finds that reconsideration of the order granting summary

judgment is warranted because Plaintiff has a meritorious argument against the IDOC's

motion for summary judgment. Plaintiff attaches to his motion for reconsideration a

proposed response to the IDOC Defendants' motion for summary judgment. (Doc. 159,

Exh. A). In the proposed response, Plaintiff highlights potential genuine issues of material

fact as to whether Defendants Hanks and Bebout had actual knowledge of fellow inmate

Snakey's past attacks on other inmates and his specific threat to kill Plaintiff. (Doc. 159,

Exh. A, p. 4). Plaintiff also argues that genuine issues of material fact remain as to whether

Defendants Mercer, Narup, James, Childs and Berner encouraged Snakey to continue

beating Plaintiff, handcuffed Plaintiff during the attack, and sprayed Plaintiff with pepper spray. *Id.* at p. 7. Finally, Plaintiff addresses the IDOC Defendants' affirmative defense of qualified immunity by citing to relevant law. *Id.* at p. 11. The Court has not heard these arguments, and Plaintiff should not be deprived of the opportunity to raise them because his appointed attorney failed to provide him with effective representation. *See, e.g.*, *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316-317 (1988)(citing *Foman v. Davis*, 371 U.S. 178, 181 (1962)(noting that "mere technicalities" should not "stand in the way of consideration of a case on its merits"). *Cf. Sroga v. Huberman*, 722 F.3d 980, 983 (7th Cir. 2013)(reversing a Rule 60(b) motion for reconsideration of an order granting dismissal for failure to prosecute because further proceedings were "necessary to ensure that Sroga's claims are resolved properly"). The existence of meritorious arguments for the Plaintiff heightens the danger that the order granting summary judgment was fundamentally unjust. Accordingly, relief under Rule 60(b) is warranted.

## CONCLUSION

For the above stated reasons, Plaintiff's motion for reconsideration and leave to file a response *instanter* is **GRANTED.** The Court DIRECTS the Clerk of the Court to reinstate Nicholas Bebout, Joshua Berner, Bryan Childs, Mark Hanks, Michael James, Nicholas Mercer, and Benjamin Narup as defendants in this case.

**IT IS SO ORDERED.**

**Dated: July 13, 2021.**

Digitally signed
by Judge Sison 2
Date: 2021.07.13
15:14:07 -05'00'

_____

**GILBERT C. SISON**
**United States Magistrate Judge**